THE UNITED STATES DISTRICT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEIMANG YAN, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.

JEFFRY KNIGHT, INC. d/b/a
KNIGHT ENTERPRISES INC.

    Defendant.
_____.

COLLECTIVE ACTION
Case No._____

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

**I. INTRODUCTION**

1. This is a collective action pursuant to the Federal Fair Labor Standards Act (hereinafter, "FLSA"), 29 U.S.C. § 216(b). Plaintiff Weimang Yan (hereinafter, "Plaintiff" or "Yan") and members of the putative class are cable installers or technicians who install and repair high-speed Internet, cable television and telephone services. As set forth below, Defendant Jeffry Knight, Inc. d/b/a Knight Enterprises (hereinafter "Defendant" or "Knight Enterprises") has knowingly, willfully and with reckless disregard for the requirements of the FLSA, misclassified Plaintiff and the putative class as "independent contractors," when they are in reality employees in order to avoid paying overtime wages and other tax obligations under the IRS. Plaintiff asserts that Defendant's misclassification resulted in a loss of substantial wages otherwise payable to him and all others similarly situated pursuant to FLSA, 29 U.S.C. § 207.

## II. JURISDICTION AND PARTIES.

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Plaintiff Weimang Yan is a resident of this district, who at all times material hereto, provided telecommunication installation and repair services from on or about March 2015 to the present day.

4. Defendant Jeffry Knight Inc., d/b/a Knight Enterprises, is a Florida for profit corporation with a principal place of business at 6056 Ulmerton Road, Clearwater, Florida 33760. Knight Enterprises installs high-speed internet, cable television, and telephone services. Defendant may be served through its registered agent Jill Williams, 301 South Missouri Avenue, Clearwater, Florida 33756-5833.

5. Defendant is an employer within the meaning of the FLSA and is subject to the FLSA under Enterprise coverage, as it has annual revenues greater than $500,000, employs more than two (2) full time persons, and is engaged in interstate commerce.

## III. STATEMENT OF FACTS

6. Defendant Knight Enterprises, is a telecommunications company that contracts with other companies to install, repair, or construct the facilities for high-speed internet, cable television, and telephone service for cable television companies and consumers.

7. Knight Enterprises purports to contract with individuals to perform such installation, repair, construction, and supervisory work associated with monitoring such quality of those services. The Defendant purports to call these individuals "independent contractors," and not employees, thereby avoiding any obligation to pay overtime wages and payroll taxes,

health insurance benefits, workers' compensation insurance, unemployment insurance, and other such benefits.

8. These so-called independent contractors are required to show up at a specific location and at a specific time. Defendant then assigns orders with instructions as to specific work which must be done that day.

9. Upon information and belief, during the preceding three (3) years to the present, all cable installers or technicians are trained in a similar manner by Defendant to perform their job duties and requirements in a similar manner and fashion.

10. Upon information and belief, all cable installers and technicians are treated as independent contractors, have the same job requirements and duties, and are subject to the same compensation plans, or, a common compensation plan.

11. Upon information and belief, all cable installers are treated as independent contractors by Defendant and are subject to and governed or controlled by the same employment rules, procedures and policies.

12. All of the telecommunications equipment used by Plaintiff and all other similarly situated independent contractor cable installers must be picked up from a warehouse on Knight Enterprises' property, and it is Knight Enterprises which informs each contractor of the amount of equipment needed to perform the jobs for that day.

13. Defendant dictates and controls the supplies and cable equipment that cable installers must use in performing their job duties.

14. Plaintiff, and most, if not all other similarly situated cable installers routinely work well over 40 hours each week, as the shifts often exceed eight (8) hours per day, and they

often work more than five (5) days per week.

15. Plaintiff, throughout his employment, has always worked more than 40 hours, and has worked upwards of 75 hours in a week when ordered and required to work six (6) days a week by Knight Enterprises.

16. Plaintiff has not received any overtime pay for the work performed in excess of 40 hours in a workweek, and is not paid an hourly wage nor any salary.

17. Plaintiff like all other cable installers and members of the putative class of similarly situated is paid on a piecemeal basis, or percentage of the work billed without regard to the number of hours he works in any week.

18. There is virtually no opportunity for the Plaintiff and members of the putative class to work for any other cable companies or to perform any other telecommunications repair or installation work while working as contractors for Knight Enterprises.

19. In addition, if Knight Enterprises is unsatisfied with work performed by the independent contractor cable installers, it requires such contractors to go out and correct any deficiency, and to make any repairs. On such occasions, the cable installer contractors are not paid for their time working to correct such problems.

20. Plaintiff worked for Knight Enterprises as a cable installer and technician or repair person, and at all times relevant, was classified by Defendant as an independent contractor, and not an employee.

21. Thus, for wages and compensation, Plaintiff and all other so called independent contractor cable installers were given their compensation by Defendant without paying any federal payroll taxes, medicare taxes deducted, and issued 1099's.

22. Plaintiff was required to report to a garage controlled by Defendant at specific times at least one time each week.

23. Cable Installers were assigned specific daily routes created/and or assigned by Knight Enterprises and were expected to adhere to the scheduled jobs, without deviation or discretion.

24. In nearly every week worked, Plaintiff worked more than 40 hours a week without ever receiving any overtime pay, and at all times was lead to believe by Defendant that he was not entitled to be paid a premium for any overtime hours.

25. Defendant has engaged in a common scheme and plan applicable to a large group of cable installers to avoid paying them overtime wages under the FLSA by forcing Plaintiff and members of the putative class to sign a contract labelling them as independent contractors.

26. When Plaintiff applied for work with Defendant, he was not offered any option to work as an employee: the offer was a non-negotiable, take it or leave it independent contractor agreement or no work or employment.

27. Upon information and belief, throughout Plaintiff's years of work for Defendant, cable installers are not offered a choice to elect to be employees versus independent contractors.

28. Moreover, none of the terms and conditions of the independent contractor agreement were negotiable, including but not limited to, the rates of pay and compensation Defendant was willing to pay to Plaintiff and all other similarly situated cable installers.

29. "To determine whether an individual falls into the category of covered "employee" or exempted "independent contractor," courts look to the "economic reality" of the relationship between the alleged employee and alleged employer and whether that relationship

demonstrates dependence." *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013).

30. "This inquiry is not governed by the "label" put on the relationship by the parties or the contract controlling that relationship, but rather focuses on whether "the work done, in its essence, follows the usual path of an employee."" *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, (1947).

31. Defendant exerts significant control over the work performed by Plaintiff and members of the putative class.

32. Plaintiff and members of the putative class are assigned by Defendant work routes listing the jobs they were to work on that day, and they had no power or discretion to decline any work order or route assigned.

33. Plaintiff and all other cable installers could not refuse any additional work orders assigned, and they were highly supervised, watched and managed by Defendant with their work being routinely inspected for quality and completeness by Defendant.

34. Defendant also maintained control over the pay and compensation rates for jobs to be completed, the hours to be worked in a day, the number of days to be worked in a workweek, where the work was to be done, and provided the equipment to be installed at a job.

35. Plaintiff and members of the putative class were also not allowed to subcontract or hire and manage other persons to perform work assigned by Defendant and were required to wear uniforms provided by Defendant.

36. They also could not solicit work which they might perform on other days by

themselves and not through Defendant.

37. Plaintiff and members of the putative class' opportunity for profit or loss was dependent upon the amount and type of work assigned by Defendant. Plaintiff and members of the putative class had no control over how much they were paid for any individual work order, and could not negotiate prices with any of the customers, nor what they could charge Defendant for the work they were to perform.

38. Plaintiff and members of the putative class' relationship with Defendant was permanent and exclusive. Plaintiff Yan has worked continuously and exclusively for Defendant since March 2015.

39. Defendant maintained a De Facto policy that if you declined a job, or sought to cancel a job or take time off from the weekly work schedule of five or more days, even though the hours could be upwards of 50 to 75 hours a week, that doing so would result in your routes and job orders being cut and taken away.

40. Plaintiff and members of the putative class were and are an integral part of Defendant's business. Defendant is a full service communications infrastructure provider. Plaintiff and members of the putative class are the individuals who install and repair the communications infrastructure provided and serviced by Defendant.

41. Additionally, Defendant employs numerous persons in the same, if not identical cable installer position as Plaintiff, as W-2 employees, and not as independent contractors.

42. Upon information and belief, the work and services performed by Plaintiff and other "independent contractors" is identical, or nearly identical to that which is performed by Defendant's W-2 employee cable installers, and all are subject to the same company policies,

procedures and work requirements.

43. Upon information and belief, the Defendant's W-2 employee cable installers are also paid on a per job, piece rate basis, and not paid a base hourly wage nor a salary; essentially the same common compensation plan imposed upon Plaintiff and members of the putative class, but for Defendant classifying them for IRS and FLSA purposes, as employees rather than as independent contractors.

44. Defendant has willfully and with a lack of good faith basis under the FLSA, misclassified Plaintiff and all other similarly situated cable installers as independent contractors, as part of a scheme and plan to evade and avoid paying overtime wages, as well as saving millions of dollars in tax liabilities and other benefits they would have to provide, including workers compensation.

45. Defendant's classification of Plaintiff and members of the putative class as independent contractors is a willful and intentional violation of the FLSA as Defendant knows, or should have known, in that they were and are misclassifying Plaintiff and members of the putative class as independent contractors where Defendant has faced the same claims from many of its own cable installer workers in previous cases such as: *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013), *Weckesser v. Knight Enters. S.E., LLC*, 735 F. App'x 816 (4th Cir. 2018), and *Huerta et al. v. Jeffry Knight, Inc. d/b/a Knight Enterprises,* Case 8:14-cv-01624-EAK-TBM (M.D. Fla. 2014).

46. In *Scantland v. Jeffry Knight, Inc.*, the Eleventh Circuit concluded that the plaintiff in that case "were "employees"—not "independent contractors"—under the FLSA." 721 F.3d 1308, 1319 (11th Cir. 2013).

47. Further, Defendant paid all the cable installers in *Scantland* the sum of $475,000.00 in payment of their unpaid overtime wages. *See* Case 8:09-cv-01985-EAK-TBM (DE 249-1).

48. Likewise, In *Weckesser*, Defendant paid all the cable installers part of the suit the sum of $325,000 for their overtime wages claimed. *See* Case 2:16-cv-02053-RMG (DE 157.)

### IV. FLSA COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff Yan brings this action on behalf of all such similarly situated individuals who performed work as cable installers or technicians for Defendant Knight Enterprises and were classified as independent contractors.

50. Plaintiff seeks conditional certification to proceed collectively on behalf of a class of individuals who have performed installation, repair, service and similar duties for Defendant Knight Enterprises' customers, and who have been classified as independent contractors instead of as employees, pursuant to 29 U.S.C. § 216(b).

51. This collective action is to recover from Defendant overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

> All persons contracted with JEFFRY KNIGHT, INC. d/b/a KNIGHT ENTERPRISES INC., including any of its subsidiaries such as Knight Enterprises SE LLC, as an independent contractor under the title of Cable Installer or Technician, and any other job titles previously or currently used to describe persons performing work as cable installers or technicians at any time within the three (3) years preceding this lawsuit to the day of trial.

52. Plaintiff is ready, willing and able to serve as representative for all others similarly situated, and by the filing of this complaint consents to be a member of this FLSA

Section 216(b) collective action.

53. Upon information and belief, Defendants have 150 or more persons working as independent contractor cable installers, and with turnover throughout the preceding three (3) years, the class size is estimated to be upwards of 350 or more persons.

54. Maintaining this action as a collective action is the most appropriate, practical, and feasible way for this action to proceed.

55. Cable installers and technicians are not free to use their discretion to vary their schedules, assignments or jobs assigned.

56. Plaintiff and the class of similarly situated cannot just freely take off time from work when they want to and within their own discretion.

57. All the work activities of the Plaintiff and those similarly situated independent contractor cable installer or technicians support the status under the FLSA as employees.

58. Essentially all elements of the work to be performed by Plaintiff and all other similarly situated independent contractor cable installers or technicians are controlled, determined, set and regulated, supervised, assessed and evaluated by Defendant, including their compensation, rates charged, schedules, jobs, and how they perform their jobs.

59. Defendant also can terminate or suspend each and every independent contractor within its discretion, at any time, and for any reason; no different than it could for any employee or employee at will.

60. The independent contractor agreements Defendant uses are presented to all persons as non-negotiable, take it or leave it contracts, with none of the terms and conditions of these agreements written or created by the alleged independent contractors.

## COUNT I
### VIOLATION OF SECTION 29 U.S.C. § 207 THE FAIR LABOR STANDARDS ACT - FAILURE TO PAY OVERTIME WAGES

61. All preceding paragraphs are realled and incorporated as if fully set forth herein.

62. The actions of Defendant as set forth above in failing to pay overtime to Plaintiff and all others similarly situated constitutes a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

63. The position of cable installer or cable technician would not qualify or meet any known exemption under the FLSA, but for Defendants forced treatment and misclassification of Plaintiff and the putative class of similarly situated as independent contractors, they know they would have to pay them a premium for all overtime hours and they would be properly classified as non-exempt employees under the FLSA.

64. Pursuant to 29 U.S.C. § 216(b), Plaintiff seek a court order compelling the Defendant to provide and produce a list of the names, dates of employment and all contact information for all other cable installers classified as independent contractors within the three (3) years preceding the filing of this lawsuit to the present, in order to apprise them of their right to opt in and join this action.

65. While the law holds that a plaintiff may notify and send notice to others of this action and the right to join, absent an order and supervision by the Court, Defendant will not likely produce the information and otherwise challenge the form and contact of the notice.

66. At all relevant times, Defendant employed Plaintiff, and/or each member of the Putative Class of similarly situated, and continues to employ members of the Putative Class, within the meaning of the FLSA.

67. Defendant has forced Plaintiff and all other independent contractor cable installers as a condition of employment, on a non-negotiable take it or leave it basis, to accept treatment and classification as independent contractors, and not employees as a condition of being hired.

68. Defendant's independent contract is unlawful and unenforceable under Florida law, as a party cannot contract to do something which is illegal: namely to willfully avoid and evade the obligations to pay FICA taxes, and pay overtime wages as required under the FLSA.

69. Defendant has known and still to this day knows that the cable installers it employs over the preceding three (3) years fail to meet the definition under the FLSA of an independent contractor, or said differently, has known that their cable installers meet the definition of an employee under the FLSA, and perhaps according to the IRS code.

70. Although they are contractually labelled as independent contracts, Plaintiff and the putative class of similarly situated Cable Installers are in fact and reality employees of Defendant.

71. Upon information and belief, all Cable Installers were paid under a common and similar compensation plan and scheme.

72. All cable installers and technicians are expected and required to perform their job duties and work requirements in similar manners and which are highly monitored, controlled and evaluated by Defendant.

73. Defendant has maintained a scheme and plan to avoid paying overtime compensation to Cable Installers for the hours worked in excess of 40 hours per workweek.

74. Defendant has calculated that by misclassifying its cable installers as independent contractors and not paying overtime wages, it is saving millions of dollars and increasing its

profits; and if challenged, as in *Scantland, Weckesser, and Huerta*, will just settle and compromise for less than the wages they would have paid.

75. Defendant intimidates, coerces and dissuades Cable Installers from making claims for overtime wages through an onerous arbitration clause contained in each signed independent contractor agreement between Defendant and members of the putative class that would require each claimant to pay one half of the arbitration fees to even attempt to proceed with a claim, and which also purports to prevent workers from proceeding as a class or participating in a collective action.

76. The independent contractor agreements also threaten and warn cable installers that Defendant may be awarded its attorney's fees if they prevail.

77. Defendant's management is well aware that the work and position of a cable installer in this company requires Plaintiff and the class of similarly situated to routinely, if not each and every week, work more than 40 hours in a workweek to complete their routes and job requirements.

78. As a result, throughout the three (3) year class period to the present, Defendant has stolen several millions of dollars or more in wages from Cable Installers while they have knowingly mislead them to believe that the law permits this unlawful pay practice and misclassification as independent contractors.

79. Defendant knowingly and willfully failed to pay Plaintiff and all other members of the putative Class overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendant for, above and beyond 40 hours per workweek, in violation of the FLSA, in particular 29 U.S.C. § 207.

80. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81. Defendant knew that the Cable Installer position would result in Cable Installers routinely working more than 40 hours in order to meet all issued work orders.

82. Defendant willfully failed and refused to pay Plaintiff and all other similarly situated Cable Installers a premium for all overtime hours worked.

83. Defendant willfully failed and refused to pay Plaintiff and all other similarly situated Cable Installers a premium for all overtime hours worked at the correct and lawful rate, thus, underpaying Plaintiff and all Cable Installers even when they did pay overtime wages.

84. Defendant cannot and does not have a good faith basis under the FLSA for its willful actions and conduct of willfully misclassifying Plaintiff and all Cable Installers as independent contractors, and not paying them a premium for all overtime hours worked in each and every workweek.

85. Plaintiff and the class of similarly situated thus are entitled to, and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

86. Due to Defendant's willful FLSA violations, Plaintiff alleges on behalf of the members of the Class that they have suffered damages and are entitled to recover from Defendant the unpaid overtime compensation due and owing for all hours worked in excess of 40 in each and every workweek, an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff, WEIMANG YAN prays for:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join in this action as plaintiffs pursuant to §216(b); and that notice be sent to all past and present cable installers or technicians of JEFFRY KNIGHT, INC. d/b/a KNIGHT ENTERPRISES INC., treated as independent contractors at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's Order conditionally certifying this as a Section 216(b) Collective Action;

b. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

c. That the Court find Defendant in violation of the overtime compensation provisions of the FLSA and that the Court find that Defendant's violations of the FLSA were and are willful;

d. That the Court award Plaintiff Yan and the putative Class of all similarly situated overtime compensation and a premium for such for all the hours worked over forty (40) in each and every workweek during the past three (3) years, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to § 216 of the FLSA;

e. That the Court award Plaintiff Yan a collective action class representative fee or service award fee for his efforts and time dedicated to bringing justice through this action;

f. That the Court appoint Mitchell Feldman, Esq. and the firm of Feldman Legal Group as class counsel in the FLSA collective action; and

g. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated the 21st day of February 2020.

Respectfully submitted.

*/s/Mitchell Feldman, Esq.*
**Mitchell L. Feldman, Esquire**
Florida Bar No.: 0080349
FELDMAN LEGAL GROUP
6940 W. Linebaugh Ave, Suite #101
Tampa, Florida 33625
Tel: 813-639-9366 - Fax: 813-639-9376
Email: mlf@feldmanlegal.us
Secondary: lschindler@feldmanlegal.us
*Attorney for Plaintiff, and the class*
*Of similarly situated*