UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WAIMING YAN,**

    **Plaintiff,**

v.                                                                    Case No: 8:20-cv-410-MSS-TGW

**JEFFRY KNIGHT, INC., KNIGHT BROADBAND LLC, JEFFRY KNIGHT and JASON WELZ,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of FLSA Settlement and Entry of Stipulated Judgment ("the Motion"). (Dkt. 167) The Parties request that the Court approve the settlement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims and dismiss this case with prejudice. (Id.)

An FLSA claim can be settled and resolved in one of two ways. First, an employee may settle and waive an FLSA claim if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive an FLSA claim if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the

1

settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

In March 2015, Plaintiff Waiming Yan was hired to work for Defendant Knight Enterprises, the predecessor company to Knight Broadband, to provide installation and repair services of telecommunication equipment. (Dkt. 94 at ¶ 2) Plaintiff commenced this putative collective action against Defendants for, inter alia, allegedly violating the FLSA when Defendants allegedly misclassified Plaintiff as an independent contractor and failed to pay him overtime wages. (Dkts. 1 and 94) Plaintiff was eventually joined by 32 other party Plaintiffs, who worked for Defendants and also alleged they were misclassified as independent contractors and not paid overtime wages. (Dkt. 134) Defendants deny these allegations. (Dkts. 107, 113, 117) Now, the Parties represent that they have reached an agreement to resolve the dispute. (Dkt. 167)

In exchange for, inter alia, a release from all liability, Defendants have agreed to pay a Settlement Sum of (a) $275,000.00 to the Plaintiffs, which includes $100.00 as consideration for Plaintiff Yan's execution of a separate Mutual General Release; (b) $395,000.00 to Plaintiffs' Counsel in attorneys' fees; and (c) $30,988.65 to Plaintiffs' Counsel for reimbursement of costs and litigation expenses. (Dkt. 167-1) The settlement sum is to be paid according to the disbursement plan outlined in paragraph 4 of the Settlement Agreement. (Id. at ¶ 4) The Parties represent that the Settlement Agreement reflects a fair and reasonable compromise of the disputed

claims, especially considering the complexity of the case, the defenses raised, costs of litigation, and the uncertainty of trial. (Dkt. 167 at 11-28) The Parties further advise that they negotiated the attorneys' fees and costs figure separately from Plaintiffs' underlying damages. (Id. at 26)

Upon review of the Settlement Agreement, the Court finds that the Parties' Settlement Agreement is fair and reasonable. The Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1. The Parties' Joint Motion for Approval of FLSA Settlement and Entry of Stipulated Judgment, (Dkt. 167), is **GRANTED**.

2. The Settlement Agreement (Dkt. 167-1) is **APPROVED** and shall **GOVERN** the parties' conduct in settlement of this civil action.

3. The Defendants shall disburse the settlement Sum, including attorney's fees and costs, as set forth herein and in paragraph 4 of the Parties' Settlement Agreement.

4. This case is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, except as specified in the Parties' Settlement Agreement. **No retainer agreement between the Plaintiff and counsel shall override or alter the amount of settlement proceeds due to the Plaintiff in accordance with the terms of the settlement agreement as**

**approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

5. The **CLERK** is directed to **TERMINATE** any pending motions and this case shall remain **CLOSED**.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of July 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* parties